B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>IKHIDE CORNERSTONE, INC. | DEFENDANTS<br>GRADY B. VICKERS, Jr. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ALFRED O. ANYIA, SBN: 183571<br>10545 BURBANK BL. #126<br>N. HOLLYWOOD, CA 91601 (818)432-8467 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Complaint for Non Dischargeability Under
S.523(a) For Fraud - 11 USC 523 (a)(2)(A) and S.523(a)(4) AND
S.523(a)(3)(B) AND S.523(a)(11) AND FRAUDULENT TRANSFER.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>    (other than domestic support)<br>☒ 65-Dischargeability - other  S.523(a)(11) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☒ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge – §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>    actual fraud<br>☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>    if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 320,000.00 |

**Other Relief Sought**

Interest at Legal Rate, Cost, Attorneys fees, Punitive Damage

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Grady B. Vickers, Jr. | BANKRUPTCY CASE NO.<br>6:16-bk-10022-MH | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA RIVERSIDE | DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>HON. MARK D. HOULE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>4-11-16 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ALFRED O. ANYIA, ESQ. |

## INSTRUCTIONS

   The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

   A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

   The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Law Offices of Alfred O. Anyia:*
**ALFRED O. ANYIA - SBN:183571**
10545 Burbank Boulevard Suite 126
North Hollywood, California 91601
Telephone: (818) 432-8467; Facsimile: (818) 452-9089

Attorneys for: Plaintiff, **IKHIDE CORNERSTONE, INC.**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>GRADY BURNETT VICKERS, Jr.<br><br>    Debtor.<br>_____ | **CASE NO: 6:16-bk-10022MH** |
| IKHIDE CORNERSTONE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>GRADY BURNETT VICKERS, Jr., TIA VICKERS, CHIMAYO PROPERTIES, INC., GV PROPERTIES, INC., GTV PROPERTIES, INC., KEVIN BUSH, SEABOARD FINANCIAL, INC. AND DOES 1 TO 10, INCLUSIVE,<br><br>    Defendants.<br>_____ | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

    1.    Creditor IKHIDE CORNERSTONE, INC., ("Plaintiff"), complains against the Defendants and each of them as follows:

//

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

### JURISDICTION AND PROCEDURE PRELIMINARY STATEMENT

2.    Plaintiff/Creditor IKHIDE CORNERSTONE, INC. (hereafter, "Plaintiff") is a creditor of Debtor, GRADY BURNET VICKERS, Jr. (the "Debtor"), whose within bankruptcy case is pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California. The Trustee in this case is Charles W. Daff, Esq.

3.    The adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157, and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is commenced pursuant to section 523 of the Code and Federal Rule of Bankruptcy Procedure 4007 and 7001. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. § 1409 (a). To the extent that the court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, the Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims herein.

### PARTIES

4.    Plaintiff is an individual resident of the County of Los Angeles, State of California.

5.    Upon information and belief, Plaintiff alleges that at all times relevant hereto Debtor, is a resident of the County of San Bernardino, State of California.

6.    Upon information and belief, Plaintiff alleges that at all times relevant hereto Defendant, Tia Vickers (hereafter, "Defendant, TIA") is a relative of the Debtor and a resident of the County of San Bernardino, State of California.

7.    Upon information and belief, Plaintiff alleges that at all times relevant hereto Defendant, CHIMAYO PROPERTIES, INC., (hereafter, "Defendant, CHIMAYO") is a corporation registered under the laws of the State of California and authorized to do business in the County of San Bernardino, State of California.

8.    Upon information and belief, Plaintiff alleges that at all times relevant hereto Defendant, GV PROPERTIES, INC., (hereafter, "Defendant, GV") is a corporation registered under the laws of the State of California and authorized to do business in the County of San

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

1   Bernardino, State of California.

2

3        9.   Upon information and belief, Plaintiff alleges that at all times relevant hereto

4   Defendant, GTV PROPERTIES, INC., (hereafter, "Defendant, GTV") is a corporation registered

5   under the laws of the State of California and authorized to do business in the County of San

6   Bernardino, State of California.

7        10.  Defendant KEVIN BUSH (hereafter, "Defendant, BUSH") is an individual resident

8   of the County of Los Angeles, State of California.

9        11.   Upon information and belief, Plaintiff alleges that at all times relevant hereto

10  Defendant, SEABOARD FINANCIAL, INC. (hereafter, "Defendant, SEABOARD") is a

11  corporation registered under the laws of the State of California and authorized to do business in

12  the County of San Bernardino, State of California.

13                    **ALTER EGO ALLEGATIONS**

14       12.   Plaintiff is informed and believes and thereon alleges that the entity Defendants,

15  CHIMAYO, GV and GTV were at all times relevant, the alter ego corporations of the individual

16  Defendants, Debtor, Grady Vickers and Tia Vickers both of whom are related by reason of the

17  following:

18       (I) Plaintiff is informed and believes and thereon alleges that the Debtor and Defendant,

19  TIA at all times herein mentioned, dominated, influenced and controlled Defendants,

20  CHIMAYO, GV and GTV and the officers thereof as well as the business, property, and affairs

21  of Defendants, CHIMAYO, GV and GTV.

22       (ii) Plaintiff is informed and believes and thereon alleges that at all times herein

23  mentioned, there existed and now exists a unity of interests and ownership, between the Debtor

24  and Defendant, TIA on the one hand and Defendants, CHIMAYO, GV and GTV. The

25  individuality and separateness of the Debtor and Defendant TIA,  and Defendants, CHIMAYO,

26  GV and GTV, has ceased.

27       (iii) Plaintiff is informed and believes and thereon alleges that at all times since the

28  incorporation of Defendants, CHIMAYO, GV and GTV, they have been and now are a mere

                **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

1  shell and naked framework which the Debtor and Defendant TIA used as a conduit for the

2  conduct of their personal business, property and affairs.

3  (iv) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

4  Defendants, CHIMAYO, GV and GTV were created and continued pursuant to a fraudulent plan,

5  scheme and device conceived and operated by the Debtor and Defendant TIA, whereby the

6  assets, income, revenue and profits of Defendants, CHIMAYO, GV and GTV were either

7  diverted to the Debtor and Defendant TIA or fraudulently transferred to other parties or entities in

8  a bid to avoid creditors.

9        13.    Plaintiff is informed and believes and thereon alleges that the entity Defendant,

10  SEABOARD was at all times relevant, the alter ego corporation of the individual Defendant,

11  BUSH by reason of the following:

12        (I) Plaintiff is informed and believes and thereon alleges that the Defendant, BUSH at all

13  times herein mentioned, dominated, influenced and controlled Defendant, SEABOARD and the

14  officers thereof as well as the business, property, and affairs of Defendant, SEABOARD.

15        (ii) Plaintiff is informed and believes and thereon alleges that at all times herein

16  mentioned, there existed and now exists a unity of interests and ownership, between the

17  Defendant, BUSH and Defendant, SEABOARD. The individuality and separateness of the

18  Defendant BUSH and Defendant, SEABOARD, has ceased.

19        (iii) Plaintiff is informed and believes and thereon alleges that at all times since the

20  incorporation of Defendant, SEABOARD, it has been and now is a mere shell and naked

21  framework which Defendant BUSH used as a conduit for the conduct of his personal business,

22  property and affairs.

23        (iv) Plaintiff is informed and believes and thereon alleges that, at all times herein

24  mentioned, Defendant, SEABOARD was created and continued pursuant to a fraudulent plan,

25  scheme and device conceived and operated by the Defendant BUSH, whereby the assets, income,

26  revenue and profits of Defendant, SEABOARD were either diverted to Defendant BUSH or

27  fraudulently transferred to other parties or entities in a bid to avoid creditors.

28        14.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

DOES 1 through 25, inclusive, and therefore sue such Defendants by those fictitious names.
Plaintiffs will pray leave of this Court to amend this complaint to allege their true names and
capacities when ascertained.

15.    Upon information and belief, Plaintiff alleges that each of the Defendants named
herein (including those sued as DOES 1 through 10, inclusive), in addition to acting for self, and
on own behalf individually, were acting as the agents, servants, employees and representatives of
each of the other defendants, and in doing the things hereinafter alleged, were acting within the
scope of such relationships and with the permission, consent and ratification of each and every of
the other Defendants.

## GENERAL ALLEGATIONS

16.    On or about January 8, 2016, Debtor filed a voluntary petition under Chapter 7 of
Title 11 of the United States Code (the "Code") .

17.    On or about November 8, 2010, Creditor had obtained judgment against the
Debtor  in a State Court non-bankruptcy action against the Debtor and other named Defendants
(San Bernardino Superior Court) in the case entitled, Ikhide Cornerstone, Inc.vs. Chimayo
Properties; Case No: CIVVS 800673 (the "State Court Action") .

18.    The complaint and judgment in the State Court Action includes, but is not limited
to, claims of Fraud, Quiet Title, Breach of Contract, Declaratory Relief, and Cancellation of
Instrument.

19.    The Plaintiff is informed, believes, and based thereon alleges, that an order of
discharge of the Debtor has not yet been entered and that the deadline for Creditor to file a
complaint to determine the dischargeability of certain debts is 04/11/2016.

20.    A true and correct copy of the State Court Action and ensuing judgment, are
attached hereto as **Exhibits "A" and Exhibit "B"** respectively.

## STATEMENT OF FACTS

21.    Plaintiff's claims center around the allegations as stated in its complaint (see Exhibit
"A") wherein it alleges that on or about December 2006 it was approached by Debtor with an
offer to jointly finance and develop (for profit) a vacant piece of real property in San Bernardino

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

County which was owned by Defendant G.V. Properties (a company wholly owned by Debtor) and which had been legally subdivided into four different lots (see ¶ 11-13 of Exhibit "A").

22.    Based on this representation, Plaintiff agreed to invest gave $128,000.00 to the Debtor and Defendant G.V. Properties and Debtor gave Plaintiff a Deed of Trust to one of the four subdivided lots (the "IVY Lot"). However, Debtor did not disclose to Plaintiff that he had previously mortgaged the undivided real property to Defendant Kevin Bush. (see ¶ 14-16 of Exhibit "A").

23.    Debtor proceeded to engage in the construction and development of the four subdivided lots. However, in November 2007, Plaintiff was served with a Notice of Default and intent to foreclose by Defendant BUSH based on a prior Deed of Trust issued to BUSH by Debtor on a $200,000.00 loan which was secured on the undivided lot but which Debtor never made mention of. (see ¶ 17-18 of Exhibit "A").

24.    Based upon investigation and admission of the Debtor, Plaintiff discovered that Debtor had mortgaged the subject properties willy nilly, had conveyed the IVY Lot (which secured Plaintiff's loan) to Defendant, Chimayo Properties and had paid off Defendant BUSH on its secured $200,000.00 loan by selling the three remaining lots (which had been developed), to pay off Defendant, BUSH with a sum of $669,000.00 (see ¶ 19-21 of Exhibit "A").

25.    More importantly, Debtor admitted to Plaintiff that the present foreclosure attempt on the remaining lot (the IVY) was a fraudulent scheme plotted by Defendant BUSH to deprive Plaintiff of his secured interest in the IVY Lot (see ¶ 22 of Exhibit "A").

26.    Based upon these allegations Plaintiff instituted the State Court action referenced above and Debtor and named Defendants therein were served. Debtor filed an Answer to the complaint in the State Court action on behalf of himself and Defendant CHIMAYO in which he failed to admit or deny the allegations in the complaint.

27.    Debtor and Defendants, GV and CHIMAYO failed to appear at trial at which time judgment was entered against them in the amount of $320,000.00 plus 10% interest (see Exhibit "B" hereto).

28.    At the trial of the State Court action, Defendant SEABOARD (through its officer,

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

1    Defendant, BUSH), claimed that apart from the $200,000 that it initially loaned to the Debtor and

2    Debtor's companies (Defendant CHIMAYO), it loaned approximately another $50,000.00 to the

3    Debtor and Defendant CHIMAYO based on the initial Deed of Trust and as such was able to

4    secure a judgment in its favor allowing it to proceed in its foreclosure of the IVY Lot to the

5    detriment of Plaintiff.

6         29.   Recently in an attempt to record an abstract of Judgment against Debtor, Plaintiff

7    was informed by the Clerk of the Court in the State Court action that such an abstract could not

8    be recorded because there was a bankruptcy filing under seal that had been filed in the State

9    Court action under seal. Further investigation revealed that said bankruptcy petition was filed by

10    Debtor and was never served on Plaintiff.

11         30.   Upon information and belief Plaintiff alleges that on or about prior to the filing of

12    the State Court action, Debtor, Defendant TIA and Defendant BUSH and other persons (whose

13    identities are unknown at this time), conspired to prevent the Plaintiff from recovering on any

14    judgment or claims that Plaintiff had against the Debtor by raiding and acquiring the equity in the

15    subject property which belonged to the Plaintiff, which property was paid off, had no

16    encumbrancers and had substantial equity in it.

17         31.   To achieve their illegal purpose, Debtor and the named individual Defendants

18    hereto intended to, agreed, formed and used different corporate entities (in the form of

19    Defendants, CHIMAYO, GV and SEABOARD) for the purpose of fraudulently transferring,

20    properties and assets owned by the Debtor for the purpose of avoiding the claims of Plaintiff and

21    other creditors. As such said properties and assets have not been disclosed by Debtor in the

22    within bankruptcy petition filed by Debtor.

23                           **FIRST CLAIM FOR RELIEF**

24    **To Determine Nondischargeability of Debt - (11 U.S.C. §523(a)(2)(A)) - Against Debtor**

25         32.   Plaintiff refers to and incorporates herein by reference each and every allegation

26    contained in paragraphs 1 through 31, inclusive, as though fully set forth herein.

27

28         33.   The claim(s) embodied by the first and second causes of action for fraud in the

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

State Court complaint is one for obtaining money, property, services, or an extension, renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud of the Debtor, other than a statement respecting the Debtor's or an insider's financial condition.

34.    The claims are therefore nondischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

### To Determine Non-Dischargeability of Debt -11 U.S.C. §523(a)(4))-Against Debtor

35.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in ¶1 through 34, inclusive, as though fully set forth herein.

36.    The claim(s) embodied by the first and second causes of action for fraud in the State Court complaint is one of the Debtor's embezzlement or larceny of funds given to debtor by Plaintiff.

37.    The claims are therefore nondischargeable pursuant to §523(a)(4) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

### To Determine Non-Dischargeability of Debt -11 U.S.C. §523(a)(3)(B))- Against Debtor

38.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in ¶1 through 37, inclusive, as though fully set forth herein.

39.    The claim(s) embodied by all the causes of action in the State Court complaint and the ensuing judgment is one that is not listed or scheduled with the name of the Creditor (Plaintiff hereto) in Debtor's petition, which name was known to the Debtor at the time of filing the within petition.

40.    The claims are therefore nondischargeable pursuant to §523(a)(3)(B) of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

### To Determine Non-Dischargeability of Debt -11 U.S.C. §523(a)(11) - Against Debtor

41.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in ¶1 through 40, inclusive, as though fully set forth herein.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

42.    The claim(s) embodied by all the causes of action in the State Court complaint and the ensuing judgment (as stated in Exhibit "B" hereto) is a non-appealable judgment of a State Court arising from fraud.

43.    The claims are therefore nondischargeable pursuant to §523(a)(11) of the Bankruptcy Code.

### FIFTH CLAIM FOR RELIEF

### FRAUDULENT TRANSFER - AGAINST DEBTOR AND ALL NAMED DEFENDANTS

44.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in ¶1 through 43, inclusive, as though fully set forth herein.

45.    On November 8, 2010, Plaintiff obtained a final money judgment for the sum of $320,000.00 plus interest at the rate of 10% against Debtor and Defendants, CHIMAYO AND GV. in the San Bernardino Superior Court in an action entitled Ikhide Cornerstone, Inc.vs. Chimayo Properties; Case No: CIVVS 800673.

46.    By virtue of that judgment Plaintiff acquired a judgment lien on all of the right, title and interest of Debtor and Defendants, CHIMAYO AND GV in and to all of said Defendants' real properties located in San Bernardino County California and described as follows:

(I) 19252 Kanbridge Street Apple Valley California. APN-3088-531-04 (hereafter, "the Kanbridge Street property"). This property was previously was acquired by Debtor through his company Defendant CHIMAYO in December 2006

(ii) 9th Avenue, Hesperia, CA. Legally described as "The East ½ Lot B BLK236, Town: Hesperia. APN - 0407141020000" (hereafter, "the 9th Avenue property"). This property was initially acquired by Debtor on 08/28/2003 and then transferred to one of Debtor's companies, Defendant CHIMAYO on 12/1/2006. Defendant CHIMAYO conveyed the property to Defendant GTV on 02/07/2008 and the property has since been purportedly foreclosed upon by Defendant, SEABOARD ON 06/18/2008.

(iii) The real property legally described "Tract 5216 Lot 130 EX ½ MIN RTS WOSE, San Bernardino County - APN-0479-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" (hereafter, "the Tract 5216 property"). This property was purchased by one of Debtor's company, Defendant GTV on 12/6/2014 and

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

1   immediately mortgaged to Defendant SEABOARD on 12/11/2014.

2

3        (iv) The real property legally described as "Tract 8032 Lot 47, San Bernardino County.

4   APN- 0444-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" (hereafter, "the Tract 8032 property"). This property was purchased by

5   one of Debtor's company, Defendant GTV on 01/07/2015 and immediately mortgaged to

6   Defendant SEABOARD on 01/09/2015.

7        47.   Prior to the filing of Plaintiff's complaint in the State Court action on February 8,

8   2008, the within Defendants agreed and conspired together to conceal the true ownership of the

9   aforementioned real properties with intent to defraud creditors of the Debtor especially, the

10  Plaintiff, by recording invalid liens on said properties to reduce the value of the real properties

11  and incorporating corporate entities to which it transferred title to said real properties, all in a bid

12  to hinder, delay and defraud his creditors.

13       48.   By virtue of the conspiracy and the acts in pursuit of it, the aforementioned real

14  property which debtor was hitherto entitled to own have been transferred and conveyed as

15  follows:

16       (I) The Kanbridge Street property was conveyed by Defendant Chimayo to Defendant

17  GTV on February 7, 2008;

18       (ii) The 9th Avenue property was conveyed by Defendant Chimayo to Defendant GTV on

19  February 7, 2008 and Defendant SEABOARD purportedly acquired it through foreclosure on

20  06/18/2008;

21       (iii) The Tract 5216 property was sold to Defendant GTV on 12/17/2014; and,

22       (iv) The Tract 8032 property was sold to Defendant GTV on 01/09/2015.

23       49.   The aforementioned transfers were made in order to shield each real property from

24  creditors and especially, the eventual judgment and/or enforcement of judgment in the State court

25  action and all of the transfers were made without adequate compensation.

26       50.   The aforementioned transfers were done in violation of §3439.04 of the Civil Code

27  of California and Plaintiff has a high probability of success on the merits of this action.

28

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

1   **WHEREFORE**, Plaintiff prays judgment as follows:

2        A.    On the First Claim for Relief, ordering and declaring that the claim, plus interest,

3   fees and expenses, including attorney's fees, all to be determined at trial, is nondischargeable

4   pursuant to 11 U.S.C. §523(a)(2)(A) .

5        B.    On the Second Claim for Relief, ordering and declaring that the claim plus

6   interest, fees and expenses, including attorney's fees, all to be determined at trial, is

7   nondischargeable pursuant to 11 U.S.C.§ 523(a)(4).

8        C.    On the Third Claim for Relief, ordering and declaring that the claim plus

9   interest, fees and expenses, including attorney's fees, all to be determined at trial, is

10   nondischargeable pursuant to 11 U.S.C.§523(a)(3)(B).

11        D.    On the Fourth Claim for Relief, ordering and declaring that the claim plus

12   interest, fees and expenses, including attorney's fees, all to be determined at trial, is

13   nondischargeable pursuant to 11 U.S.C.§523(a)(11).

14        E.    On the Fifth Claim for Relief, ordering and declaring that all of the aforementioned

15   transfers to the within named Defendants are void and be set aside to the extent necessary to

16   satisfy Plaintiff's claim in the amount of $320,000.00 plus interest from November 2010; and for

17   an order enjoining all named Defendants hereto from selling, encumbering, or disposing the real

18   properties described in ¶46 above.

19        F.    For costs of suit and attorney's fees according to proof at trial; and, for punitive

20   damages pursuant to §3294 of the California <u>Civil Code;</u>

21        H.    For such other and further relief as the Court deems just, equitable and proper.

22   Dated: April 11, 2016                 **LAW OFFICES OF ALFRED O. ANYIA**

23

24                        By: _____

25                        **ALFRED O. ANYIA, ESQ:**
                          Attorney for Creditor, IKHIDE
                        **CORNERSTONE, INC.**

26

27

28

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.**

# EXHIBIT "A"

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CHIMAYO PROPERTIES, INC, a corporation; SEABOARD
FINANCIAL GROUP, a corporation; G.V. PROPERTIES,
INC., a corporation, GRADY B. VICKERS, an
individual, KEVIN BUSH an individual, LAW OFFICES OF
LES ZIEVE, a Business Entity form unknown, and DOES
1 THROUGH 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
IKHIDE CORNERSTONE, INC.,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

COPY
FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

FEB 0 6 2008

By _____ Deputy

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: | CASE NUMBER: CIWS 800673 |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN BERNARDINO - VICTORVILLE DISTRICT
14455 CIVIC DRIVE
VICTORVILLE, CA 92392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
PAULINUE E. EICHIE, ESQ. C.S.B.#224564        (213)625-1679   (213)625-1672
LAW OFFICES OF ALFRED O. ANYIA
880 WEST 1ST STREET, SUITE 108
LOS ANGELES, CA 90012

| DATE: | Clerk, by | M.J. ERTLE | , Deputy |
|---|---|---|---|
| (Fecha)  FEB 0 6 2008 | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ALFRED O. ANYIA, ESQ. SBN 183571
**PAULINUS E. EICHIE, ESQ. SBN 224564**
**LAW OFFICES OF ALFRED O. ANYIA**
880 WEST 1St STREET, SUITE 108
LOS ANGELES, CALIFORNIA 90012
TEL. (213)625-1679 FAX. (213)625-1679

ATTORNEYS FOR PLAINTIFF, IKHIDE CORNERSTONE, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| IKHIDE CORNERSTONE, INC.,<br><br>          Plaintiff,<br><br>vs.<br><br>CHIMAYO PROPERTIES, INC, a corporation; SEABOARD FINANCIAL GROUP, a corporation; G.V. PROPERTIES, INC., a corporation; GRADY B. VICKERS, an individual, KEVIN BUSH, an individual, LAW OFFICES OF LES ZIEVE, a Business Entity, form unknown, and DOES 1 THROUGH 10, inclusive,<br><br>          Defendant. | Case No.: _CIWS 800 673_<br><br>VERIFIED COMPLAINT FOR:<br><br>FRAUD;<br>QUIET TITLE;<br>BREACH OF CONTRACT;<br>DECLARATORY RELIEF;<br>CANCELLATION OF INSTRUMENT;<br>TEMPORARY RESTRAINING ORDER &<br>PERMANENT INJUNCTION. |

Plaintiff, IKHIDE CONERSTONE, INC. hereby alleges the following complaint against each and every Defendant herein:

### PRELIMINARY MATTERS

1.    Plaintiff    IKHIDE    CORNERSTONE,    INC.,    (hereinafter referred to as "Plaintiff") is a corporation duly registered under the laws of the State of California and authorized to

conduct business in the County of San Bernardino, State of California.

2. Defendant CHIMAYO PROPERTIES, INC. (hereinafter referred to as "Defendant, CHIMAYO PROPERTIES") is a corporation duly registered under the laws of the State of California and authorized to conduct business in the County of San Bernardino, State of California.

3. Defendant SEABOARD FINANCIAL GROUP (hereinafter referred to as "Defendant, SEABOARD") is a corporation duly registered under the laws of the State of California and authorized to conduct business in the County of San Bernardino, State of California.

4. Defendant G.V. PROPERTIES, INC. (hereinafter referred to as "Defendant, G.V. PROPERTIES") is a corporation duly registered under the laws of the State of California and authorized to conduct business in the County of San Bernardino, State of California.

5. Defendant GRADY B. VICKERS, JR. (hereinafter referred to as "Defendant VICKERS") is an individual who resides in the County of San Bernardino, State of California and the president of both CHIMAYO PROPERTIES, INC. and G.V. PROPERTIES, INC.

6. Defendant KEVIN BUSH (hereafter, "Defendant, Bush") is an individual who resides in the County of Orange, State of California and the president of Defendant SEABOARD FINANCIAL GROUP.

7. Defendant LAW OFFICES OF LES ZIEVE (hereinafter referred to as "Defendant LES ZIEVE") is a law firm duly

licensed to practice law in the State of California and the substituted trustee and agent of Defendant SEABOARD under the Short Form Deed of Trust executed by defendant G.V. PROPERTIES, dated December 19, 2003.

8. At all relevant times mentioned herein, a unity of interest existed between the aforementioned Defendants, and those sued here as DOES 1 through 10, such that any separateness between each of the said Defendants has ceased. At all relevant times mentioned herein, each of these Defendants is and was the alter ego or each remaining Defendant, so that each Defendant is a mere shell, instrumentality and conduit through which each of the remaining Defendants carried on their personal business. Defendants exercised such complete control and dominance over one another that any individuality or separateness of any of these Defendants from one another does not, and at all time mentioned herein, did not exist.

9. Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES and therefore sue said Defendants by such fictitious names. If and when Plaintiff ascertains the true names and capacities of said fictitiously sued DOE Defendants, Plaintiff will seek leave of Court to amend this complaint to reflect the true names and capacities of such DOE Defendants.

10. Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, each Defendant herein, whether actually of fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each

1  other Defendants, and in acting as such principal or within the

2  course and scope of such agency, took some part in the acts and

3  omissions hereinafter set forth, by reason of which each

4  Defendant is liable to Plaintiffs for the relief prayed for

5  herein.

6

7  ## BACKGROUND FACTUAL ALLEGATIONS AFFECTING ALL CLAIMS

8      11.   On or about December 2006, Defendant VICKERS who is

9  the president and owner of G.V. Properties, approached

10 Plaintiff's president and owner, EMIL OKOEBOR, with an offer

11 that both parties jointly develop and sell a real property

12 (vacant lot) located in San Bernardino County, California which

13 was owned by Defendant, G.V. PROPERTIES.

14     12.   Defendant VICKERS represented to Plaintiff that

15 Defendant Vickers had spent all his money to subdivide the

16 vacant lot into four different lots and was looking for a

17 partner to contribute money into developing the four lots which

18 would then be developed and constructed on a lot by lot basis

19 and then sold for profit to be shared by both parties.

20     13.   The aforementioned subdivided vacant lot consisted of

21 the real properties legally described as:

22

23 **SERRANNO ROAD APN-044122104**
   **LOT 213 OF TRACT 4112 COUNTY CLUB MANOR IN THE CITY OF**
24 **APPLE VALLEY, COUNTY OF SAN BERNARDINO, CALIFORNIA AS A MAP**
   **RECORDED IN BOOK 52 PAGES THROUGH 75 THROUGH 78. INCLUSIVE**
25 **OF MISCELLANEOUS MAPS, IN THE COUNTY RECORDER OF SAID**
   **COUNTY.**
26

27     //

28

IVY. APN 039920205
LOT 794 OF TRACT 5181 AS PER MAP RECORDED IN BOOK 61 PAGES
90 THROUGH 102, INCLUSIVE OF MISCELLANEOUS MAPS IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

NAVAHO APN 308731621 AND 308731622
THE EASTERLY 27 FEET OF LOTS 3129 AND 3130 OF TRACT NO.
3477 APPLE VALLEY RANCHOS UNIT NO. 9 AS SHOWN ON MAP
THEREOF RECORDED IN BOOK 45 PAGES 55 AND 56 OF MAPS RECORDS
OF THE COUNTY RECORDED OF THE SAID COUNTY.

The afore-described real properties are hereinafter collectively referred to as "subject properties".

14.   Based upon the aforementioned representation of Defendant VICKERS, on or about December 12, 2006, Plaintiff through its President, Emil Okoebor, entered into an agreement with Defendant, G.V Properties, Inc., to develop the aforementioned vacant lots for sale and for profit. At no time during this transaction did Defendant, VICKERS reveal to Plaintiff that Defendant, G.V. PROPERTIES had mortgaged the subject properties to Defendant, SEABOARD in return for money. In fact said Defendant represented to Plaintiff's president that there were other encumbrances on the subject properties. Had Defendant VICKERS so revealed such fact to Plaintiff, Plaintiff would not have proceeded to enter into a contract with Defendant VICKERS regarding the aforementioned four vacant lots.

15.   Under the agreement between Plaintiff and Defendant G.V. PROPERTIES, Plaintiff was required to invest the sum of $128,000.00 (One hundred and twenty eight thousand Dollars) towards the development and construction of buildings on the aforementioned vacant lots. In return for Plaintiff's investment, and to ensure performance by Defendant G.V. PROPERTIES, Plaintiff's investment was to be secured on the

vacant lot known as "IVY" (APN:039920205) pending when the

buildings were constructed and sold for profit.

16.   In furtherance of the aforementioned agreement between

Plaintiff and Defendant G.V. PROPERTIES, on or about December

2006, Plaintiff gave the sum of $128,000.00 to Defendant, G.V.

PROPERTIES and as agreed Defendant G.V. Properties gave

Plaintiff a Deed of Trust to one of the four Lots (IVY PROPERTY-

APN 039920205) which was recorded by Plaintiff on December 21,

2006. A copy of the deed evidencing the agreement between

Plaintiff and Defendant G.V. PROPERTIES, is attached hereto as

**EXHIBIT "A"**.

17.   Defendant G.V. PROPERTIES proceeded to construct the

buildings on the subject properties. However, on or about

October 18, 2007,  Plaintiff received a Notice of Default and

intent to foreclose from Defendant LES ZIEVE (Defendant,

SEABOARD's Trustee), stating that Defendant G.V. PROPERTIES had

defaulted on a deed of trust securing Defendant SEABOARD's

mortgage loan of $200,000.00 to Defendant G.V. PEOPERTIES, on

the subject properties.

18.   Plaintiff was never informed of any prior

encumbrances on the subject properties by Defendant G.V.

PROPERTIES and as such, Plaintiff began an investigation

including but not limited to: a search of title records in the

office of the San Bernardino County Recorder's office where

Plaintiff discovered that in December 2003, Defendant G.V.

PROPERTIES had mortgaged the subject properties to Defendant

SEABOARD based on a $200,000.00 loan given to Defendant G.V. by

Defendant SEABOARD. The short form deed of trust given to

Defendant SEABOARD made SEABOARD the holder of the most senior lien on the subject properties. Said short form deed of trust is attached hereto as **EXHIBIT "B"**

19. Upon further investigation, Plaintiff also discovered that sometime in 2007, Defendant G.V. properties had conveyed the IVY PROPERTY (A.P.N. 0399-20205) to Defendant Chimayo Properties, Inc., a corporation wholly owned by Defendants VICKERS and G.V. PROPERTIES for no, consideration and in a bid to liquidate Plaintiff's interest in the subject property, including the IVY PROPERTY.

20. Sometime in November 2007, Plaintiff's president EMIL OKOEBOR confronted Defendant VICKERS of G.V. Properties to ascertain the true position of affairs regarding the subject properties. Defendant VICKERS then informed the Plaintiff that Defendant SEABOARD had invested some money in the subject properties prior to Plaintiff's investment.

21. Upon further inquiry by Plaintiff and a threat of legal action against Defendant VICKERS, Defendant VICKERS confided in the Plaintiff that Defendant G.V. PROPERTIES had satisfied all the obligations under the aforementioned Short Form Deed of Trust granted to Defendant SEABOARD dated December 19, 2003, because three of the lots (Navaho, APN: 308731621, 308731622 & Serrano Rd. APN: 04-4122104) were actually developed and sold and Defendant SEABOARD was then paid approximately $669,000.00, more than the original amount owed by Defendant, G.V. PROPERTIES under the short form deed of trust dated December 19, 2003.

22.    Defendant VICKERS further informed Plaintiff's president that the current foreclosure action as stated in the aforementioned Notice of Default issued by Defendant SEABOARD was a fraudulent scheme by both individual (Defendants VICKERS and BUSH) which was meant to liquidate Plaintiff's interest in the IVY PROPERTY. To support such claim, Defendant VICKERS then gave Plaintiff's president three copies of escrow closing statements (attached hereto as **EXHIBIT "C1 – C3"**) showing that on three different occasions, the NAVAJO lots and Serrano Road lots (as described above) were sold and payments made to Defendant, SEABOARD.

23.    Plaintiff's counsel has since written to Defendant, SEABOARD and Defendant, Les Zieve, asking them to refrain from proceeding with the foreclosure of the remaining lot (IVY) to no avail and the Defendants have proceeded to issue a formal notice of sale on the IVY lot. See Notice of sale attached hereto as **EXHIBIT "D"**.

24.    As a result of the aforementioned conduct of the Defendants, Plaintiff heretofore alleges the following causes of action against the within Defendants and requests relief as hereafter proven.

### FIRST CAUSE OF ACTION FOR FRAUD

### (DECEIT) - AGAINST ALL DEFENDANTS

25.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint, as though the same were set forth in full herein.

26.   In December of 2006, based upon and agreement between Plaintiff and Defendant G.V. PROPERTIES, Plaintiff invested the sum of $128,000.00 with Defendants, VICKERS and G.V. PROPERTIES for the development of the subject properties legally described in paragraph 13, above. Plaintiff was entitled to have the said properties constructed and thereafter sold for profit which was to be shared between the parties.

27.   As agreed to by the parties, in return for the contribution of the $128,000.00, Plaintiff received from Defendant G.V. Properties, Inc., a Deed of Trust to one of the lots in the subject property (IVY A.P.N.039920205) as security for Plaintiff's investment. Plaintiff recorded the Trust Deed with the San Bernardino County recorder's office on December 21, 2006.

28.   Unknown to Plaintiff, Defendant G.V. PROPERTIES had previously (in 2003) mortgaged the subject properties (which included the IVY PROPERTY) to Defendant, SEABOARD and Defendant G.V. PROPERTIES never informed Plaintiff of such mortgage, thereby making Plaintiff an unwilling junior lien-holder in the subject properties.

29.   Without informing the Plaintiff, on or about July 7, 2005, October 31, 2006 and February 22, 2007, Defendants VICKERS, BUSH, G.V. PROPERTIES AND SEABOARD sold three of the lots in the subject property ("Navaho & Serrano Road") and Defendant SEABOARD was paid the sum of approximately $669,000.00 in satisfaction of its loan of $200,000.00 as stated in the deed of trust dated December 19, 2003. See **EXHIBITS "C1 - C3"**

are the final escrow closing statements for the sale of the three lots showing the payments made to Defendant SEABOARD.

30.    On or about January 2007, being fully aware of Plaintiff's investment and interest in the subject properties; that Defendant SEABOARD's lien on the subject properties had been satisfied from the sale of the other three lots in the subject properties, the within Defendants conspired and agreed with one another to wrongfully liquidate the interest of the Plaintiff in the IVY PROPERTY by conveying the subject property to Defendant CHIMAYO PROPERTIES for no consideration and by causing the issuance of a Notice of Default on the IVY PROPERTY, APN 03920205, all with the intent to sell said lot and deprive Plaintiff of its interest and entitlement in the lot thereon.

31.    Due to the Defendants' active concealment of the fact that there was an outstanding loan on the subject property and of the fact that Defendant SEABOARD had actually been paid off on its deed of trust, Plaintiff's interest in the subject property was relegated to a junior interest, which allowed the Defendant SEABOARD to cause the issuance of the within notice of default and the attendant notice of sale regarding the IVY PROPERTY.

32.    Plaintiff was justified in relying on the aforementioned facts because the parties were partners and the Defendants actively concealed the truth behind such facts from the Plaintiff

33.    As a result of the aforementioned conduct of the Defendants, Plaintiff has suffered harm including but not

limited to a pending foreclosure of Plaintiff's interest in the IVY PROPERTY which has caused Plaintiff damages in an amount in excess of the jurisdictional threshold of this Court, to be shown by way of proof at the time of trial.

34.    The aforementioned conduct of the Defendants was malicious and fraudulent in violation of Section 3294 of the Civil Code of California, thereby entitling Plaintiff to an award of punitive damages against the Defendant in an amount subject to proof.

## SECOND CAUSE OF ACTION FOR FRAUD

### (MISREPRESENTATION - AGAINST DEFENDANTS

35.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 34, inclusive, of this Complaint, as though the same were set forth in full herein.

36.    On or about December 2006, Defendant G.V. PROPERTIES through Defendant VICKERS represented to Plaintiff that Defendant Vickers had spent all his money to subdivide the vacant lot (consisting of the four legally-described properties in paragraph 13, above) into four different lots and was looking for a partner to contribute money into developing the four lots which would them be developed on a lot by lot basis and then sold for profit to be shared by both parties.

37.    Defendant G.V. PROPERTIES through its agent Defendant VICKERS also represented to Plaintiff that Defendant G.V.

PROPERTIES had not mortgaged the aforementioned subdivided lot to anyone else.

38. Plaintiff relied upon the aforementioned representations of Defendant G.V. PROPERTIES and its agent by giving Defendant G.V. PROPERTIES the sum of $128,000.00 for the purpose of undertaking the development of the lots on the subject property and eventually selling them for profit to be shared between Plaintiff and Defendant G.V. PROPERTIES.

39. Plaintiff was justified in relying on the aforementioned representations of Defendants G.V. PROPERTIES and VICKERS because said Defendants gave the Plaintiff a Deed of Trust to one of the lots on the subject property (IVY) as security for Plaintiff's investment. Unknown to Plaintiff, Defendant, G.V. PROPERTIES had previously mortgaged the same subject properties to Defendant SEABOARD for the sum of $200,000.00 and intended to liquidate Plaintiff's interest in the subject property by conspiring with Defendants SEABOARD and BUSH to fraudulently create a non-existent default in the aforementioned short form Deed of Trust mortgage which had been satisfied by a sale of three lots in the subject properties as stated in paragraph 21, above; and also by conveying the IVY LOT to Defendant, CHIMAYO PROPERTIES, a company that was owned by Defendant VICKERS for no consideration.

40. As a result of the aforementioned conduct of the Defendants in making the aforementioned false representations; in fraudulently conveying the IVY lot to Defendant CHIMAYO properties and in conspiring with Defendants SEABOARD and BUSH

to record a notice of default on a mortgage that has already been satisfied; all in an attempt to defraud Plaintiff of his investment, Plaintiff's interest has been reduced to an unwilling junior lien and Plaintiff has suffered a loss in excess of the jurisdictional threshold of this Court to be shown by way of evidence at the time of trial.

41.   The aforementioned conduct of the within-Defendants was motivated by fraud in violation of California law, thereby entitling Plaintiff to an award of punitive damages under section 3294 of the Civil Code of California, in an amount subject to proof.

### THIRD CAUSE OF ACTION

### QUIET TITLE - AGAINST ALL DEFENDANTS

42.   Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 41 inclusive, of this Complaint, as though the same were set forth in full herein.

43.   Plaintiff is and was at all relevant times mentioned herein, the owner in fee simple of the real property legally described as:

**IVY. APN 039920205**
**LOT 794 OF TRACT 5181 AS PER MAP RECORDED IN BOOK 61 PAGES 90 THROUGH 102, INCLUSIVE OF MISCELLANEOUS MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

and commonly known as the IVY PROPERTY/LOT

44.   The basis of Plaintiffs' title is a deed dated December 13, 2006 granting Plaintiff a power of sale of said property and which was recorded on or about December 20, 2006,

in the office of the San Bernardino County Recorder and attached

hereto as **EXHIBIT "A"**.

45.  Plaintiff is seeking to quiet title against the claims

of Defendants as follows:

Defendant, SEABOARD claims some right, title, estate, lien

or interest in and to the IVY PROPERTY which belongs to

Plaintiff as described in this complaint based on the Trust deed

dated December 19, 2003 issued to Defendant SEABOARD by

Defendant G.V. PROPERTIES Plaintiff to secure a loan of

$200,000.00 made to G.V. PROPERTIES by Defendant SEABOARD.

46.  The obligations under said deed of trust has been

satisfied as stated above in paragraph 29 in that three of the

properties secured with such deed of trust have been sold and

the Defendant SEABOARD has been paid the sum of approximately

$669,000.00 (as shown in the attached escrow closing

statements), thereby entitling Plaintiff to a cancellation of

such deed of trust or a determination that Plaintiff's title is

not subject to such satisfied deed of trust.

47.  As a result of the fact that the obligations under

the aforementioned deed of trust to Defendant SEABOARD has been

satisfied, Defendant SEABOARD's claim to issue the Notice of

Default and Trustee Sale is without cause or basis whatsoever

and Defendants have no right, title, estate, lien or interest in

the IVY PROPERTY to issue such aforementioned notices.

48.  Defendants CHIMAYO PROPERTIES, VICKERS and G.V

PROPERTIES also claim some right, title, estate, lien or

interest in and to the IVY PROPERTY which belongs to Plaintiff

as described in this complaint based on  a grant deed (attached

hereto as **EXHIBIT "E"**) conveying said property to Defendant CHIMAYO PROPERTIES on or about February 2007. This conveyance was not supported by consideration and was done solely for the purpose of liquidating Plaintiff's interest in the subject property in that Defendants, CHIMAYO PROPERTIES, G.V. PROPERTIES and VICKERS are one and the same.

49.   Plaintiff seeks to quiet title as of December 21, 2006.

### FOURTH CAUSE OF ACTION

### CANCELLATION OF DEEDS - AGAINST ALL DEFENDANTS

50.   Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 49 inclusive, of this Complaint, as though the same were set forth in full herein.

51.   There are in existence certain written instruments purporting to be deeds to the subject properties. The form and contents of the purported deeds are as set out in the copies that are attached hereto as **EXHIBITS "B"** and **"E"** and made a part of this Complaint as if specifically set forth herein. The purported deeds have been recorded and are in the possession, custody and control of Defendants SEABOARD FINANCIAL GROUP, GRADY B. VICKERS AND CHIMAYO PROPERTIES, INC.

52.   Plaintiff is and was and at all relevant times mentioned herein, the owner of the real property legally described in paragraph 13 above as the IVY PROPERTY and purported to be conveyed by the aforementioned deeds. Plaintiff as the true owner of the IVY PROPERTY, has not authorized anyone to record any such deeds on the IVY PROPERTY.

53.    The purported deeds were all recorded in the Official Records of the County Recorder of San Bernardino County. If the recorded deeds are left outstanding, Plaintiff will lose its interest and rights to the IVY property from a purchaser of such property for value and without notice of the aforementioned deeds' invalidity.

54.    The aforementioned deeds are void in that the short form trust deed (**EXHIBIT "B"**) recorded by Defendant SEABOARD has been fully satisfied as shown in the escrow closing statements attached hereto. Further the grant deed issued to Defendant CHIMAYO PROPERTIES (**EXHIBIT "E"**) by Defendant G.V. PROPERTIES is void because as admitted by Defendant VICKERS, it was fraudulently recorded as part of a scheme to deprive Plaintiff of its interest in the IVY PROPERTY and was not supported by any consideration.

55.    As a result of the aforementioned conduct of the Defendants in procuring and executing deeds in an attempt to defraud Plaintiff of its interest in the IVY PROPERTY, there exists on such property a cloud as to the real owner of said real property. Plaintiff therefore request that such deeds be canceled.

### FIFTH CAUSE OF ACTION FOR

### BREACH OF CONTRACT – AGAINST DEFENDANT, G.V. PROPERTIES

56.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 55 inclusive, of this Complaint, as though the same were set forth in full herein.

57.    On or about December 13, 2006, Plaintiff and Defendant G.V PROPERTIES entered into an agreement whereby in return for Plaintiff investing the sum of $128,000. in the development of the subject properties, Plaintiff was to receive a deed of trust conveying title to one lot (the IVY PROPERTY) located within the subject properties. Plaintiff was to retain a power of sale in the deed and the subject properties were to be developed and sold for profit which was to be shared between both parties.

58.    Plaintiff entered into this agreement because of the within Defendant's representation that there was no other lien on the subject properties.

59.    Plaintiff has performed all conditions and obligations required of the Plaintiff under the agreement including but not limited to giving the Defendant the required investment sum of $128,000.00 on December 13, 2006, and has no other obligation to perform under the agreement.

60.    The within Defendant has refused to perform its obligations under the agreement, by conspiring with the other named Defendants to record fraudulent deeds and notices of default against the IVY PROPERTY all in a bid to deprive Plaintiff of his interest under the agreement and in the subject properties.

61.    As a result of the Defendant's breach of the aforementioned agreement, Plaintiff has suffered damages in that Plaintiff's interest has been reduced to a junior lien which is about to be extinguished filed as a result of the conspiracy of the Defendants in this action

Wherefore, Plaintiff requests a specific performance of the agreement between Plaintiff and the within Defendant.

## SIXTH CAUSE OF ACTION

### DECLARATORY RELIEF - AGAINST ALL DEFENDANTS

62.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 61 inclusive, of this Complaint, as though the same were set forth in full herein.

63.    Plaintiff is and at all times herein mentioned was the owner in fee simple and in possession and control of the subject properties.

64.    Plaintiff is informed and believes that Defendants claim an interest in title, possession and control of the IVY PROPERTY. Consequently, Plaintiff desires a declaration of the rights with respect to the IVY PROPERTY, including a determination as to the validity of all the deeds described herein; and whether any of such deeds were fraudulently recorded to deprive Plaintiff of its interest in the IVY PROPERTY or whether the trust deed issued to Defendant SEABOARD has been satisfied as shown in the attached escrow closing statements.

65.    Thus, there presently exists an actual controversy with regard to the ownership of title to the IVY PROPERTY such that judicial intervention is required to resolve such controversy.

WHEREFORE, Plaintiff request relief as hereinafter requested.

## SEVENTH CAUSE OF ACTION

(TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

66.    Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs 1 through 65 inclusive, of this Complaint, as though the same were set forth in full herein.

67.    Plaintiffs allege that the actions of Defendants in frustrating Plaintiffs' contractual rights to the subject property through an illegal and fraudulent encumbering of the IVY PROPERTY coupled with the actual threat of a foreclosure through a Trustee Sale of such property constitutes a gross violation of established legal principles designed to lawfully and peaceably resolve any legitimate dispute as to title to said property, which might exist.

68.    As herein alleged, Defendants have admitted that certain deeds were recorded to interfere with Plaintiff's interest in the subject property. Plaintiff has also alleged that the trust deed executed in favor of Defendant SEABOARD on December 19, 2003 has been satisfied as shown in the attached escrow closing statements. Thus the Defendants have no right, title or interest in the IVY PROPERTY.

69.    Plaintiff has made demands upon Defendants that Defendants cancel the deeds and instruments that wrongly encumber the IVY PROPERTY. However, Defendants have ignored these demands and have actually caused a Notice of Default and Trustee sale to be issued against the IVY PROPERTY.

70.   Plaintiff has no adequate or speedy remedy at law and, unless this Court issues its order directing that Defendants cease their pending foreclosure of the IVY PROPERTY and that Defendants surrender their claims to said property and deliver title of the IVY PROPERTY to Plaintiff; directing that defendants remove any and all encumbrances recorded by Defendants on the IVY PROPERTY; stop the threatened trustee sale of the IVY PROPERTY and restrain Defendants and each of them and any other persons acting in concert with them, both during the pendency of this action and thereafter, from entering upon and taking possession of the subject property or taking any steps to prevent or impede Plaintiff from retaining possession of the IVY PROPERTY, Plaintiffs will suffer immediate, great and irreparable harm.

**WHEREFORE,** Plaintiffs pray judgment against Defendants, and each of them, as follows:

AS TO THE FIRST CAUSE OF ACTION:

1.   For special, general and punitive damages.

AS TO THE SECOND CAUSE OF ACTION:

2.   For special, general and punitive damages.

AS TO THE THIRD CAUSE OF ACTION

3. For a judgment quieting title to the subject property, in its entirety, in favor of Paintiff free and clear of any claim, actual or potential, of any defendants identified

AS TO THE FOURTH CAUSE OF ACTION

4. For specific performance

AS TO THE FIFTH CAUSE OF ACTION:

5.    For a judicial declaration to the effect that Plaintiff is the sole and exclusive owner of all right, title and interest in and to the IVY property, free and clear of the effect of any claim, actual or potential, of any of the defendants identified herein, for a judicial declaration that the obligations under the short form deed of trust executed on December 19, 2003 has been satisfied by the payments already made to the beneficiary of such deed of trust, in this case, Defendant, SEABOARD, and a judicial determination that the deed conveying the IVY property to Defendant CHIMAYO PROPERTIES is null and void.

AS TO THE SIXTH CAUSE OF ACTION:

6.    For a cancellation of the aforementioned trust deed to Defendant SRABOARD and the deeds conveying the IVY property to Defendant CHIMAYO PROPERTIES, and any subsequent deeds recorded by said Defendants thereto.

AS TO THE SEVENTH CAUSE OF ACTION:

7.    For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction.

(i)   Directing defendants to relinquish any and all claim(s) it purportedly has on the subject properties.

(ii) restraining defendants and each of them, and each of their respective agents, representatives, attorneys, and other persons acting in concert with them, both during the pendency of this action and thereafter, from foreclosing, selling, encumbering and/or entering upon the IVY property

1    or taking any steps to prevent or impede Plaintiff from

2    entering upon and possessing the said property.

3    AS TO ALL CAUSES OF ACTION:

4    8.    For Attorneys' fees;

5    9.    For cost of suit incurred herein, and,

6    10.    For such other and further relief as the Court may

7    deem just and proper.

8    DATED: February 4, 2008          LAW OFFICES OF ALFRED O. ANYIA

9                                      By: _____

10                                     **ALFRED O. ANYIA**
                                       Attorney for Plaintiff

11                                     IKHIDE CORNESTONE, INC.

# EXHIBIT "B"

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
VICTORVILLE DISTRICT

NOV 0 8 2010

BY _____
ANITA MORALES DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO; VICTORVILLE DISTRICT

IKHIDE CORNERSTONE INC.,

    Plaintiff

CHIMAYO PROPERTIES., et al.,

    Defendants

Case No.  CIVVS 800 673

[~~PROPOSED~~] JUDGMENT

JURY TRIAL HELD: 08/17/10 -08/18/2010

BENCH TRIAL HELD: 08/20/2010

DEPT: 10

    THE MATTER WAS BEEN TRIED TO A JURY from August 17, 2010 through August 19, 2010 in connection with the legal issues of fraud.  Plaintiff opted to present the question of fraud to the jury as to Seaboard only.

    The first question in the Special Verdict Form asked: Did defendant Seaboard Financial Group make a false representation to Plaintiff Ikhide Cornerstone, Inc., that G V Properties had not repaid loans from Seaboard Financial Group?

    The jury answered: No.

    The court having considered Plaintiff's failure to secure a jury verdict against Kevin Bush, on the legal question of fraud as to Defendant Kevin Bush, found in favor of Defendant Kevin Bush.

    The equitable issue of cancellation of the deed following foreclosure was tried to the bench on August 20, 2010.

    After hearing oral arguments presented and considering the evidence presented to the jury and the bench, the Court finds in favor of Defendants Kevin Bush and Seaboard.

As to Defendant Law Offices of Les Zieve who had appeared in the action and filed a declaration of non-monetary interest, the Court finds in favor of Law Offices of Les Zieve.

As to Defendants Chimayo Properties Inc., G V Properties Inc., and Grady Vickers, because they failed to appear and defend at trial, the Court finds them to be in default the court finds in favor of Plaintiff Ikhide Cornerstone Inc., as follows:

Principal in the amount of $128,000.00 (One Hundred Twenty Eight Thousand Dollars), and prejudgment interest of $192,000.00 for a total of $320.000.00 (Three Hundred Twenty Thousand Dollars). Plaintiff is entitled to 10% interest following entry of judgment.

As prevailing parties, Defendants Kevin Bush and Seaboard are entitled to their costs.

IT IS SO ORDERED.


Date: _1 7 %_, 2010


_____

Hon. Steve C. Malone,

Judge, San Bernardino Superior Court


2

PROPOSED JUDGMENT